**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yi Qing Chen,<br><br>    Petitioner,<br><br>vs.<br><br>S. Lake, Warden,<br><br>    Respondent. | No. CV-15-072-TUC-LAB<br><br>**ORDER** |

On February 23, 2015, the petitioner, an inmate confined in the Federal Correctional Institution in Safford, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) The petitioner claims the Bureau of Prisons (BOP) improperly raised his restitution payments.

Magistrate Judge Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Doc. 13)

The petition will be denied. The BOP's actions are permitted by law.

Background

Chen was convicted in the U.S. District Court for the Central District of California of drug trafficking, trafficking in counterfeit goods, trafficking in contraband cigarettes, and conspiracy to import missile systems designed to destroy aircraft. (Doc. 9-2, p. 12) On May 9, 2011, the trial court sentenced Chen to a 300-month term of imprisonment followed by 10

1 years of supervised release. *Id.* In addition, the trial court imposed restitution in the amount
2 of $520,000. *Id.* The sentencing order reads in pertinent part as follows:

> Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. . . .

*Id.*, p. 13.

Chen initially entered custody at the Federal Correctional Institution (FCI) Herlong, CA, in July of 2011. (Doc. 9-2, pp. 3-4) He agreed to make restitution payments at the rate of $25 per month. *Id.* In August of 2013, he arrived at FCI Safford where his Unit Team initially set his restitution rate at $25 per quarter pending a full assessment of his financial resources. *Id.*

In July of 2014, Chen's Unit Team reassessed his financial resources and proposed a new restitution plan of $50 per month. (Doc. 9-2, p. 4) Chen was provided "with information regarding the potential consequences of a refusal." *Id.* Chen signed the plan, but subsequently filed an administrative grievance complaining about the increased rate of payment. *Id.*

On February 23, 2015, Chen filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. (Doc. 1) He claims "[t]he BOP is unlawfully forcing Chen to make restitution payments in excess of the existing court order." *Id.* The respondent filed an answer arguing the petition should be denied on the merits. (Doc. 9) Chen filed a reply on June 22, 2015. (Doc. 10) The court finds the petition should be denied on the merits.

Discussion

The Mandatory Victim Restitution Act (MVRA) requires the trial court to impose restitution when the defendant is convicted of certain specified offenses or when "an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B). The court must "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid. . . ." 18 U.S.C. § 3664(f)(2).

Under its Inmate Financial Responsibility Program (IFRP), the BOP "encourages each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. To this end, the BOP monitors each prisoner's resources and financial obligations and "assist[s]

1  the inmate in developing a financial plan for meeting those obligations. . . ." 28 C.F.R. §
2  545.10. If an inmate refuses to participate in the IFRP, the BOP will impose sanctions including
3  restrictions on commissary use and eligibility for community-based programs. 28 C.F.R. §
4  545.11(d).

5  In this case, the trial court properly set restitution and a schedule for repayment. The
6  court stated that Chen owed restitution in the amount of $520,000, which "shall be due during
7  the period of imprisonment, at the rate of not less than $25 per quarter." (Doc. 9-2, p. 13) The
8  BOP, in accordance with the IFRP, determined that Chen could increase his restitution
9  payments from $25 per quarter to $50 per month. (Doc. 9-2, p. 4) Chen agreed to the increase
10 presumably because he was informed that failure to agree would result in sanctions in
11 accordance with 28 C.F.R. § 545.11(d). *Id*.

12 Chen argues the BOP is unlawfully forcing him to make restitution payments in excess
13 of the trial court's order citing, among other things, *U.S. v. Lemoine*, 546 F.3d 1042 (9th Cir.
14 2008). He concedes he signed the agreement to pay $50 per month, but he argues the BOP was
15 not authorized to increase the payment schedule or threaten him with sanctions if he did not
16 agree to the increase.

17 In *Lemoine*, the Ninth Circuit addressed this issue holding that "the IFRP does not
18 constitute an unlawful delegation of authority to schedule restitution repayments in violation
19 of the MVRA." *U.S. v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008). The MVRA requires that
20 the sentencing court set a restitution schedule. *Id*. It does not, however, prevent the inmate
21 from voluntarily paying more than is required. *Id*. That is what the IFRP is supposed to do:
22 encourage the inmate to pay as much as he can to address his financial obligations. *Id*. at 1046-
23 47. And that is what the BOP did: encourage Chen to increase his payment to $50 per month.
24 The BOP did not usurp the province of the trial court by concluding that Chen could and should
25 increase his rate of payment to $50 per month.

26 The BOP threatened Chen with sanctions if he did not agree to raise his rate of payment.
27 This is permitted. The BOP may impose consequences on inmates who refuse to participate in
28 the IFRP if those consequences are "reasonably related to the legitimate penological interest of

rehabilitation." *Lemoine*, 546 F.3d at 1046.  Sanctions for non-participation are permitted provided those sanctions are "not so severe as to impose 'an atypical and significant hardship' and therefore do not infringe on any constitutionally-protected liberty interest."  *Id*.

Chen does not explain what sanctions he was threatened with, but assuming he was threatened with those sanctions listed at 28 C.F.R. § 545.11(d), the BOP acted lawfully. *Lemoine*, 546 F.3d at 1047-1050.  Chen cannot decline participation in the IFRP without being subject to these sanctions.

IT IS ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed on February 23, 2015, by Yi Qing Chen is DENIED.  (Doc. 1)

The Clerk is directed to prepare a judgment and close the case.

DATED this 18th day of November, 2015.

*Leslie A. Bowman*

Leslie A. Bowman
United States Magistrate Judge